IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES CURRY, JR. PLAINTIFF

V. CIVIL ACTION NO.: 1:26-CV-99-SA-RP

SOCIAL SECURITY ADMINISTRATION DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

On June 11, 2026, James Curry, Jr., who is proceeding *pro se*, filed his Complaint [1] against the Social Security Administration. Although the Complaint [1] is extremely difficult to follow, Curry seemingly asserts claims for defamation and false arrest stemming from his December 16, 2025 arrest at the Social Security office in Tupelo, Mississippi. As an aside, the Court notes that, in a Memorandum Opinion issued in 2009 in another case Curry filed against the Social Security Administration, Judge Davidson barred Curry "from filing any future *pro se in forma pauperis* complaints without permission of one of the judges of the court" due to the fact that Curry had "been an abuser of his *in forma pauperis* privileges." *Curry v. Social Security Administration*, N.D. Miss. Cause No. 1:09-CV-215, [4] at p. 3.

On June 16, 2026, Magistrate Judge Percy entered a Report and Recommendation [4], wherein he recommended that the Complaint [1] be dismissed for multiple reasons. In particular, Judge Percy pointed out that Curry failed to exhaust administrative remedies and that the Defendant is immune from suit for claims of this nature.

On July 6, 2026, Curry filed an Objection [5] to Judge Percy's recommendation. However, the Objection [5], like the Complaint [1], is difficult to follow and makes no real attempt to address the issues Judge Percy noted in the Report and Recommendation [4].

The Court, considering the matter *de novo*, concludes that the case should be dismissed. Curry has not exhausted administrative remedies as required to proceed on a claim against a governmental agency such as the Social Security Administration. *See*, *e.g.*, *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). The Court therefore lacks subject matter jurisdiction over Curry's claims. Additionally, as Judge Percy emphasized, "the United States and its agencies are immune from suits for defamation and false arrest, as those claims—with the exception of false arrest claims arising from the acts or omissions of federal investigative or law enforcement officers—are specifically excluded from the FTCA's waiver of sovereign immunity." [4] at p. 3 (citing 28 U.S.C. § 2680(h)). Again, Curry, although filing an Objection [5], made no effort to address those concerns.

Ultimately, this Court lacks subject matter jurisdiction over Curry's claims. The Report and Recommendation [4] is ADOPTED IN FULL, and the Complaint [1] is hereby DISMISSED. This CASE is CLOSED.

SO ORDERED, this the 9th day of October, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE